UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEARICE CATES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:13-CV-638-CLC-HBG ) |
| DAVID SEXTON, | ) ) |
| Respondent. | ) ) |

## **MEMORANDUM & ORDER**

This is a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On December 10, 2013, the Court dismissed this action as time-barred [Docs. 5 and 6]. Now before the Court is Petitioner's motion for relief from judgment [Doc. 8]. For the following reasons, Petitioner's motion for relief from judgment [*Id.*] will be **DENIED**. Also, as Petitioner seeks to file new claims for relief under § 2254 in his motion for relief from judgment, the Clerk will be **DIRECTED** to file a new civil case, **TRANSFER** that case to the United States Court of Appeals for the Sixth Circuit, and **CLOSE** the new civil case.

In his motion for relief from judgment [Doc. 8], Petitioner makes the following arguments: (1) his claims should be allowed to proceed because the intervening decisions of the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), as well as the Sixth Circuit's holding in *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014) establish that the Court's dismissal of the § 2254 petition was erroneous; (2) the ineffective assistance of Petitioner's counsel prevented the discovery of evidence that would have supported Petitioner's claims of actual innocence; (3) Petitioner's counsel was ineffective for not raising a sentencing disparity argument; and (3) Petitioner's post-conviction counsel also provided ineffective

assistance of counsel by failing to investigate, prepare, and offer certain proof and claims [Doc. 8 at 7–16].

While Petitioner attempts to assert that the intervening decisions in *Martinez*, *Trevino*, and *Sutton* entitle him to relief from the Court's judgment because they establish that the Court's dismissal of his § 2254 was erroneous, the *Martinez*, *Trevino*, and *Sutton* decisions stand for the proposition that a § 2254 petitioner may have cause to overcome procedural default of a claim where the petitioner could only raise a claim for a trial attorney's ineffective assistance of counsel for the first time in post-conviction proceedings. *Trevino*, 133 S. Ct. at 1918–21; *Martinez*, 132 S. Ct. at 1320; *Sutton*, 745 F.3d at 792–95. The Court, however, did not dismiss Petitioner's § 2254 petition due to procedural default of the arguments it contained, but rather because the petition was time-barred [Docs. 5 and 6]. Thus, the intervening decisions in *Martinez*, *Trevino*, and *Sutton* are irrelevant to and do not entitle Petitioner to relief from this dismissal.

Further, none of Petitioner's assertions in his motion for relief from judgment alleges that the Court misapplied the statute of limitations in dismissing Petitioner's § 2254 or that there was any other defect in the integrity of the Court's handling of Petitioner's § 2254. Rather, it is apparent that Petitioner has set forth new grounds for relief. As such, the Court construes Petitioner's motion for relief from judgment [Doc. 8] as a second or successive § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (holding that a motion for relief from judgment that does not attack the integrity of the proceedings, but rather sets forth new claims, including claims asserting an intervening change in substantive law, should be construed as a second or successive habeas petition). Petitioner, however, cannot file a second or successive § 2254 in this Court without authorization from the court of appeals, and where a petitioner does

so, the district court is to transfer the file to the court of appeals, which will construe the petition as a request for authorization under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, Petitioner's motion for relief from the Court's order dismissing his § 2254 petition as time-barred [Doc. 8] is **DENIED** and the Clerk is **DIRECTED** to file a new civil action in which the Clerk **SHALL** file both Petitioner's motion for relief from judgment [Doc. 8] and a copy of this memorandum and order. Further, the Clerk is **DIRECTED** to transfer this new action to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *Id.* Accordingly, the Clerk is **DIRECTED** to close the new case.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's procedural rulings above, a COA will not issue.

**SO ORDERED.**

**ENTER:**

/s/
_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

3